IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF VERMONT

| | |
|---|---|
| AMERICAN CABLE ASSOCIATION, CTIA– THE WIRELESS ASSOCIATION, NCTA – THE INTERNET & TELEVISION ASSOCIATION, NEW ENGLAND CABLE & TELECOMMUNICATIONS ASSOCIATION, and USTELECOM – THE BROADBAND ASSOCIATION, on behalf of their members,<br><br>                 Plaintiffs,<br><br>    v.<br><br>PHILIP B. SCOTT, in his official capacity as the Governor of Vermont; SUSANNE R. YOUNG, in her official capacity as the Secretary of Administration; JOHN J. QUINN III, in his official capacity as the Secretary and Chief Information Officer of the Vermont Agency of Digital Services; and JUNE E. TIERNEY, in her official capacity as the Commissioner of the Vermont Department of Public Service,<br><br>                 Defendants. | Case No. 2-18-cv-00167 |

**JOINT MOTION TO EXTEND DEADLINE FOR FILING JOINT DISCOVERY SCHEDULE**

      The parties to the above-captioned action, by and through counsel, respectfully move the Court, pursuant to Fed. R. Civ. P. 26(b)(1)(A) and Local Rule 26(a)(2), to extend the deadline for their submission of a joint discovery schedule to fourteen (14) days after the Court issues a decision on Defendants' pending Motion to Dismiss. In support thereof, the parties state as follows:

1.	Pursuant to Local Rule 26(a)(2), the current deadline for the parties to file their Joint Discovery Schedule is January 7, 2019.

2.	On December 24, 2018, Defendants filed a Motion to Dismiss and Partially Consented-To Motion to Stay or Phase Discovery.  In the Motion to Dismiss portion of that motion (the "Motion to Dismiss"), Defendants moved to dismiss Plaintiffs' Complaint pursuant to Fed. R. Civ. P. 12(b)(1) on the grounds that Plaintiffs lacked standing to assert their claims. Plaintiffs will file an opposition to the Motion to Dismiss within the time parameters set forth in Local Rule 7(a).

3.	The resolution of Defendants' Motion to Dismiss, as a dispositive motion, could significantly impact the scope of discovery.  It would therefore be premature to set the discovery schedule now when the needs of this case, from a discovery standpoint, will not be known until the Court rules on Defendants' Motion to Dismiss.  To this end, Plaintiffs assented to the portion of Defendants' motion that requested a stay of discovery on the merits of this litigation pending resolution of the Motion to Dismiss.

4.	Similarly, given that the parties do not know when the Court will issue a decision on Defendants' Motion to Dismiss, it would be impractical for the parties to discuss deadlines for discovery, motions, and an Early Neutral Evaluator in relation to the merits of the case.

5.	The parties therefore seek to enlarge the deadline to file the discovery schedule to a date fourteen (14) days after the Court issues a decision on Defendants' Motion to Dismiss.

6.	Defendants' counsel has informed Plaintiffs' counsel that Defendants may seek limited discovery on jurisdictional issues, depending on the substance of Plaintiffs' Opposition to Defendants' Motion to Dismiss.  The parties have agreed to confer on this issue after Plaintiffs file their Opposition.  If the parties cannot agree on the need for jurisdictional discovery at that

time, the parties will raise this issue with the court in an appropriate motion. The parties agree, however, that this issue should not have any bearing on the present Joint Motion.

7.  Pursuant to Local Rule 7(a)(7), the parties have agreed upon the relief requested in this Joint Motion.

WHEREFORE, the parties respectfully request that this Joint Motion be GRANTED, and that the Court issue an order extending the deadline by which the joint discovery schedule must be filed to fourteen (14) days after the Court has issued a decision on Defendants' Motion to Dismiss.

Dated: January 4, 2019

                                                                          Respectfully submitted,

| | |
|---|---|
| Scott H. Angstreich (pro hac vice)<br>Brendan J. Crimmins (pro hac vice)<br>Rachel Proctor May (pro hac vice)<br>KELLOGG, HANSEN, TODD,<br>  FIGEL & FREDERICK, P.L.L.C.<br>1615 M Street, N.W., Suite 400<br>Washington, D.C. 20036<br>(202) 326-7900<br>sangstreich@kellogghansen.com<br>bcrimmins@kellogghansen.com<br>rmay@kellogghansen.com<br><br>*Attorneys for Plaintiffs*<br>*CTIA – The Wireless Association*<br>*and USTelecom – The Broadband Association*<br><br><br>Jeffrey A. Lamken<br>MOLOLAMKEN LLP<br>The Watergate, Suite 600<br>600 New Hampshire Avenue, N.W.<br>Washington, D.C. 20037<br>(202) 556-2000<br>jlamken@mololamken.com<br><br>*Attorney for Plaintiff*<br>*American Cable Association* | /s/ David M. Pocius<br>David M. Pocius<br>PAUL FRANK + COLLINS P.C.<br>P.O. Box 1307<br>Burlington, VT 05402-1307<br>(802) 881-0828<br>dpocius@pfclaw.com<br><br>*Attorney for Plaintiffs*<br>*American Cable Association, CTIA – The*<br>*Wireless Association, NCTA – The Internet*<br>*& Television Association, New England Cable &*<br>*Telecommunications Association, and USTelecom*<br>*– The Broadband Association*<br><br><br>Matthew A. Brill (pro hac vice)<br>Matthew T. Murchison (pro hac vice)<br>Adam J. Tuetken (pro hac vice)<br>LATHAM & WATKINS LLP<br>555 Eleventh Street, N.W., Suite 1000<br>Washington, D.C. 20004<br>(202) 637-2200<br>matthew.brill@lw.com<br>matthew.murchison@lw.com<br>adam.tuetken@lw.com<br><br>*Attorneys for Plaintiffs*<br>*NCTA – The Internet & Television*<br>*Association and New England Cable*<br>*& Telecommunications Association* |

5

       STATE OF VERMONT

       THOMAS J. DONOVAN, JR.
       ATTORNEY GENERAL

By:      */s/ David Boyd*
       David Boyd
       Eleanor Spottswood
       Assistant Attorneys General
       Office of the Attorney General
       109 State Street
       Montpelier, VT   05609-1001
       (802) 828-1101
       David.Boyd@vermont.gov
       Eleanor.Spottswood@vermont.gov

       *Attorneys for Defendants*

7495055_1:13307-00001

5