IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF VERMONT

| | |
|---|---|
| AMERICAN CABLE ASSOCIATION, CTIA – THE WIRELESS ASSOCIATION, NCTA – THE INTERNET & TELEVISION ASSOCIATION, NEW ENGLAND CABLE & TELECOMMUNICATIONS ASSOCIATION, and USTELECOM – THE BROADBAND ASSOCIATION, on behalf of their members,<br><br>                    Plaintiffs,<br><br>         v.<br><br>PHILIP B. SCOTT, in his official capacity as the Governor of Vermont; SUSANNE R. YOUNG, in her official capacity as the Secretary of Administration; JOHN J. QUINN III, in his official capacity as the Secretary and Chief Information Officer of the Vermont Agency of Digital Services; and JUNE E. TIERNEY, in her official capacity as the Commissioner of the Vermont Department of Public Service,<br><br>                    Defendants. | Case No. 2:18-cv-00167-CR |

**STIPULATION REGARDING TEMPORARY STAY OF LITIGATION AND INJUNCTION BARRING ENFORCEMENT OF EXECUTIVE ORDER NO. 2-18 AND ACT 169**

Plaintiffs the American Cable Association, CTIA – The Wireless Association, NCTA – The Internet & Television Association, New England Cable & Telecommunications Association, and USTelecom – The Broadband Association (collectively, "Plaintiffs"), and Defendants Philip B. Scott, Susanne R. Young, John J. Quinn III, and June E. Tierney in their official capacities ("Defendants," and collectively with Plaintiffs, the "Parties"), by and through their respective counsel, hereby stipulate and agree as follows:

**WHEREAS**, in January 2018 the Federal Communications Commission ("FCC") released an order governing the provision of broadband Internet access services. Declaratory Ruling, Report and Order, and Order, *Restoring Internet Freedom*, 33 FCC Rcd 311 (2018) ("FCC Order").

**WHEREAS**, the FCC took several actions, including: (1) reclassifying broadband Internet access services as "information services" within the meaning of the Communications Act of 1934, as amended by the Telecommunications Act of 1996, FCC Order ¶¶ 20-161; (2) repealing certain of the FCC's rules governing the conduct of Internet service providers, including rules prohibiting blocking, throttling, and paid prioritization, *id*. ¶¶ 239-296; and (3) determining that "we should exercise our authority to preempt any state or local requirements that are inconsistent with the federal deregulatory approach we adopt today," *id*. ¶ 194.

**WHEREAS**, with respect to preemption, the FCC Order states that "[w]e conclude that regulation of broadband Internet access service should be governed principally by a uniform set of federal regulations, rather than by a patchwork that includes separate state and local requirements." *Id*.

**WHEREAS**, the FCC determined to preempt "any state or local measures that would effectively impose rules or requirements that we have repealed or decided to refrain from imposing in this order or that would impose more stringent requirements for any aspect of broadband service that we address in this order." *Id*. ¶ 195.

**WHEREAS**, a coalition of 22 states, including the State of Vermont, filed a petition for review of the FCC Order in the United States Court of Appeals for the D.C. Circuit. *Mozilla Corp. v. FCC*, Nos. 18-1051 *et al*. (D.C. Cir.).

**WHEREAS**, the State of Vermont and other petitioners contend the FCC lacked authority to preempt state and local measures as set forth in the FCC Order, and have urged the D.C. Circuit to vacate that portion of the order, among others.

**WHEREAS**, proceedings in the D.C. Circuit are still pending; oral argument took place on February 1, 2019, but no decision has been issued.

**WHEREAS**, on February 15, 2018, the Governor of Vermont, Philip B. Scott, signed Executive Order No. 2-18, which requires "[a]ll State Agency contracts" with Internet service providers to "specifically state" that the provider will not engage in certain activities, including blocking, throttling, and paid prioritization.

**WHEREAS,** on May 22, 2018, Vermont enacted Act 169, "[a]n act relating to protecting consumers and promoting an open Internet in Vermont," which requires "State procurement contracts" with Internet service providers to include a certification by the provider that it will not engage in certain activities, including blocking, throttling, and paid prioritization.

**WHEREAS**, on October 18, 2018, Plaintiffs filed an action against Governor Scott, Susanne R. Young, the Vermont Secretary of Administration, John J. Quinn III, the Secretary and Chief Information Officer of the Vermont Agency of Digital Services, and June E. Tierney, the Commissioner of the Vermont Department of Public Service, in their official capacities, in the United States District Court for the District of Vermont. *American Cable Ass'n v. Scott*, No. 2:18-cv-00167-CR.

**WHEREAS** Plaintiffs allege that Executive Order No. 2-18 and Act 169 (referred to in Plaintiffs' Complaint as Senate Bill 289) (1) are expressly preempted by the FCC Order and are therefore void under the Supremacy Clause of the United States Constitution; (2) conflict with the federal Communications Act of 1934, as amended by the Telecommunications Act of 1996,

3

and the FCC Order and are therefore void under the Supremacy Clause; and (3) violate the dormant Commerce Clause. *Id*., ECF No. 1.

**WHEREAS**, Defendants have filed a motion to dismiss, Plaintiffs have filed a motion for summary judgment, further briefing on the motion for summary judgment is pending, and a hearing on the motions has been set for April 11, 2019. *Id*., ECF Nos. 24, 28, 32.

**WHEREAS**, Plaintiffs contend that, under the Hobbs Act, 47 U.S.C. § 402(a), 28 U.S.C. § 2342(1), the district court must presume the validity of the FCC Order, including but not limited to the FCC's determination to preempt state and local net neutrality requirements, including but not limited to Executive Order No. 2-18 and Act 169. *See In re FCC*, 217 F.3d 125 (2d Cir. 2000).

**WHEREAS**, the decision in *Mozilla Corp. v. FCC*, Nos. 18-1051 *et al*. (D.C. Cir.), will significantly shape the scope and conduct of this action depending on whether the FCC Order is ultimately upheld or vacated in whole or in part.

**WHEREAS**, the Parties wish to avoid a waste of judicial and party resources, and believe that this action should therefore be stayed pending resolution of proceedings in *Mozilla Corp. v. FCC*, Nos. 18-1051 *et al.* (D.C. Cir.).

**WHEREAS**, this Court has authority under *Landis v. North American Co.*, 299 U.S. 248 (1936), to enter a stay of proceedings as part of its power to control its own docket, and is empowered to enter a stay of proceedings based on the circumstances here.

**NOW THEREFORE**, in consideration of the foregoing, the Parties further stipulate and agree as follows:

1. Further proceedings in *American Cable Association v. Scott*, No. 2:18-cv-00167-CR, shall be stayed until the later of the following: (a) the D.C. Circuit issues its opinion in the

petitions for review of the FCC Order currently pending in *Mozilla Corp. v. FCC*, Nos. 18-1051 *et al.* (D.C. Cir.), and the period for seeking further review from the D.C. Circuit and the U.S. Supreme Court has expired; or (b) a final decision has been issued by the D.C. Circuit or the U.S. Supreme Court in response to any petition for rehearing or certiorari, either denying such petition or issuing a final decision.

2. Defendants shall be enjoined from taking any action to enforce, or direct the enforcement of, Executive Order No. 2-18 and Act 169 in any respect until 30 days after the expiration of the stay and shall not take any future actions to enforce Executive Order No. 2-18 or Act 169 based upon conduct occurring during the period of the stay.

3. Plaintiffs shall not seek attorneys' fees based on time spent litigating this action prior to the dissolution of the stay in accordance with this stipulation.

4. This stipulation and agreement shall neither be construed as bearing on the merits of the action, nor be considered precedent in this or any other matter. Nor shall the Court's entry of a stay and injunction be considered in the adjudication of any dispositive motions.

Dated:  March 14, 2019                                Respectfully submitted,


    */s/ David A. Boyd*                                        */s/ David M. Pocius*
David A. Boyd                                         David M. Pocius
VERMONT OFFICE OF THE ATTORNEY                        PAUL FRANK + COLLINS PC
GENERAL                                               1 Church Street
109 State Street                                      Post Office Box 1307
Montpelier, VT 05609                                  Burlington, VT 05402
david.boyd@vermont.gov                                dpocius@pfclaw.com

*Attorney for Defendants*                             *Attorney for Plaintiffs*
*John J. Quinn, III, June E. Tierney,*                *American Cable Association, CTIA – The*
*Philip B. Scott, and Susanne R. Young*               *Wireless Association, NCTA – The Internet &*
                                                      *Television Association, New England Cable &*
                                                      *Telecommunications Association, and*
                                                      *USTelecom – The Broadband Association*


                                            Scott H. Angstreich (*pro hac vice*)
                                            Brendan J. Crimmins (*pro hac vice*)
                                            Rachel P. May (*pro hac vice*)
                                            KELLOGG, HANSEN, TODD
                                              FIGEL & FREDERICK, P.L.L.C.
                                            1615 M Street, N.W., Suite 400
                                            Washington, DC 20036
                                            sangstreich@kellogghansen.com
                                            bcrimmins@kellogghansen.com
                                            rmay@kellogghansen.com

                                            *Attorneys for Plaintiffs*
                                            *CTIA – The Wireless Association and*
                                            *USTelecom – The Broadband Association*


                                            Jeffrey A. Lamken (*pro hac vice*)
                                            MOLOLAMKEN LLP
                                            600 New Hampshire Ave., N.W., Suite 660
                                            Washington, DC 20037
                                            jlamken@mololamken.com

                                            *Attorney for Plaintiff*
                                            *American Cable Association*

Matthew A. Brill (*pro hac vice*)
Matthew T. Murchison (*pro hac vice*)
Adam Tuetken (*pro hac vice*)
LATHAM & WATKINS LLP
555 Eleventh Street, N.W., Suite 1000
Washington, DC 20004
matthew.brill@lw.com
matthew.murchison@lw.com
adam.tuetken@lw.com

*Attorneys for Plaintiffs*
*NCTA – The Internet & Television*
*Association and New England Cable &*
*Telecommunications Association*

7558409_1:13307-00001