U.S. DISTRICT COURT
DISTRICT OF VERMONT
FILED

2020 SEP 25 PM 3: 15

CLERK

BY ____LAW____
DEPUTY CLERK

UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF VERMONT

| | |
|---|---|
| AMERICAN CABLE ASSOCIATION, CTIA – THE WIRELESS ASSOCIATION, NCTA – THE INTERNET & TELEVISION ASSOCIATION, NEW ENGLAND CABLE & TELECOMMUNICATIONS ASSOCIATION, AND USTELECOM – THE BROADBAND ASSOCIATION, on behalf of their members,<br>　　　　Plaintiffs,<br><br>　　　　v.<br><br>PHILIP B. SCOTT, in his official capacity as the Governor of Vermont; SUSANNE R. YOUNG, in her official capacity as the Secretary of Administration; JOHN J. QUINN III, in his official capacity as the Secretary and Chief Information Officer of the Vermont Agency of Digital Services; and JUNE E. TIERNEY, in her official capacity as the Commissioner of the Vermont Department of Public Service,<br>　　　　Defendants. | Case No. 2:18-cv-167 |

**ORDER REGARDING TEMPORARY STAY OF LITIGATION
AND INJUNCTION BARRING ENFORCEMENT OF
EXECUTIVE ORDER NO. 2-18 AND ACT 169**

Plaintiffs the American Cable Association, CTIA – The Wireless Association, NCTA – The Internet & Television Association, New England Cable & Telecommunications Association, and USTelecom – The Broadband Association (collectively, "Plaintiffs"), and Defendants Philip B. Scott, Susanne R. Young, John J. Quinn III, and June E. Tierney in their official capacities ("Defendants," and collectively with Plaintiffs, the "Parties") have submitted a Stipulation regarding Temporary Stay of Litigation and Injunction Barring Enforcement of Executive Order

No. 2–18 and Act 169. Having considered the Stipulation, and good cause appearing, the Court orders as follows:

1. Further proceedings in this action shall be stayed until the later of the following: (1) the preliminary injunction motions pending in *United States v. California*, No. 2:18-cv-02660-JAM-DB (E.D. Cal.), and *American Cable Association v. Becerra*, No. 2:18-cv-02684-JAM-DB (E.D. Cal.) have been decided, or (2) January 20, 2021. In the event that the preliminary injunction motions have not been resolved by January 30, 2021, the stay shall expire on that date unless otherwise agreed by the Parties and ordered by the Court.

2. Defendants shall be enjoined from taking any action to enforce, or direct the enforcement of, Executive Order No. 2–18 and Act 169 in any respect until 30 days after the expiration of the stay and shall not take any future actions to enforce Executive Order No. 2–18 or Act 169 based upon conduct occurring during the period of the stay.

3. Plaintiffs shall not seek attorneys' fees based on time spent litigating this action prior to the dissolution of the stay in accordance with this stipulation.

4. The Parties' stipulation shall neither be construed as bearing on the merits of this action, nor be considered precedent in this or any other matter. Nor shall this order be considered in the adjudication of any dispositive motions.

**IT IS SO ORDERED**

Dated: 9/25/20

Hon. Christina Reiss
U.S. District Court Judge