IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF VERMONT

| | |
|---|---|
| AMERICAN CABLE ASSOCIATION, CTIA – THE WIRELESS ASSOCIATION, NCTA – THE INTERNET & TELEVISION ASSOCIATION, NEW ENGLAND CABLE & TELECOMMUNICATIONS ASSOCIATION, and USTELECOM – THE BROADBAND ASSOCIATION, on behalf of their members,<br><br>                Plaintiffs,<br><br>      v.<br><br>PHILIP B. SCOTT, in his official capacity as the Governor of Vermont; SUSANNE R. YOUNG, in her official capacity as the Secretary of Administration; JOHN J. QUINN III, in his official capacity as the Secretary and Chief Information Officer of the Vermont Agency of Digital Services; and JUNE E. TIERNEY, in her official capacity as the Commissioner of the Vermont Department of Public Service<br><br>                Defendants. | Case No. 2:18-cv-00167-CR |

**STIPULATION**

Plaintiffs the American Cable Association (now known as ACA Connects – America's Communications Association),[1] CTIA – The Wireless Association, NCTA – The Internet & Television Association, New England Cable & Telecommunications Association, and USTelecom – The Broadband Association (collectively, "Plaintiffs"), and Defendants Philip B.

---

[1] On March 20, 2019, after this case was initiated, plaintiff American Cable Association changed its name to ACA Connects – America's Communications Association.

Scott, Susanne R. Young, John J. Quinn III, and June E. Tierney in their official capacities ("Defendants," and collectively with Plaintiffs, the "Parties"), by and through their respective counsel, hereby stipulate and agree as follows:

**WHEREAS**, on April 30, 2021, based upon a stipulation filed by the parties, the Court entered an Order regarding Temporary Stay of Litigation and Injunction Barring Enforcement of Executive Order No. 2-18 and Act 169 that by its terms was to continue until the Ninth Circuit resolved the pending appeal in *ACA Connects, et al. v. Becerra*, No. 21-15430 (9th Cir.) or November 15, 2021, whichever occurs first.

**WHEREAS**, the pending appeal in the *Becerra* matter has been fully briefed and argued, but has not yet been resolved by the Ninth Circuit, and the scope and conduct of this action could be significantly shaped by the Ninth Circuit's resolution of that appeal.

**WHEREAS**, the Parties wish to avoid a waste of judicial and party resources and believe that the stay of this action should therefore continue on the same terms until the Ninth Circuit has issued a ruling in the *Becerra* matter, or January 3, 2022, whichever occurs first.

**WHEREAS**, this Court has authority under *Landis v. North American Co.*, 299 U.S. 248 (1936), to enter a stay of proceedings as part of its power to control its own docket and is empowered to enter a stay of proceedings based on the circumstances here.

**NOW THEREFORE**, in consideration of the foregoing, the Parties further stipulate and agree as follows:

1. Further proceedings in this action shall be stayed until the Ninth Circuit has resolved the pending appeal in *ACA Connects, et al. v. Becerra*, No. 21-15430 (9th Cir.) or January 3, 2022, whichever occurs first.

2. In any new solicitation of bids to provide broadband Internet access service issued after April 22, 2021, or in any new contract to procure broadband Internet access service entered into after April 22, 2021, the State of Vermont may require that any Internet service provider that submits a bid or enters into a contract will commit to adhere to the net neutrality principles set forth in Executive Order No. 2-18 and Act 169.  In any response to such a bid solicitation or in any such procurement contract, the Internet service provider may include a reservation of rights indicating that any net neutrality commitments made therein are unenforceable during the stay period and shall be rescinded in the event that Executive Order No. 2-18 and Act 169 are invalidated.  No Internet service provider may be disqualified from a procurement opportunity for including such a reservation of rights in any response to a bid solicitation or in any procurement contract.

3. Defendants shall be enjoined from taking any action to enforce, or direct the enforcement of, contractual clauses contained in any contracts entered into after April 22, 2021 requiring Internet service providers to commit to adhere to the net neutrality principles set forth in Executive Order No. 2-18 and Act 169 based upon conduct occurring during the period of the stay.  Notwithstanding any limitation placed upon Defendants in this stipulation, nothing shall preclude Defendants from any enforcement action arising out of a false or misleading statement or omission made by an Internet service provider in their respective network management disclosures or other publications.

4. Plaintiffs shall not seek attorneys' fees based on time spent litigating this action prior to the dissolution of the stay in accordance with this stipulation.

5. This stipulation shall not be construed as bearing on the merits of the action, be considered precedent in this or any other matter, or be considered in the adjudication of any dispositive motions.

Dated: November 9, 2021

/s/ David A. Boyd
David A. Boyd
VERMONT OFFICE OF THE
ATTORNEY GENERAL
109 State Street
Montpelier, VT 05609-1001
david.boyd@vermont.gov

*Attorney for Defendants John J. Quinn, III, June E. Tierney, Philip B. Scott, and Susanne R. Young*

/s/ David M. Pocius
David M. Pocius
PAUL FRANK + COLLINS PC
1 Church Street
Post Office Box 1307
Burlington, VT  05402
dpocius@pfclaw.com

*Attorney for Plaintiffs ACA Connects – America's Communications Association f/k/a American Cable Association, CTIA – The Wireless Association, NCTA – The Internet & Television Association, New England Cable & Telecommunications Association, and USTelecom – The Broadband Association*